Chief Justice Robertson
delivered the Opinion of the Court.
An inquisition upon a warrant of forcible entry and de-tainer having been found against John Cain, senior, and John Gain, junior, they filed a traverse to the circuit court, and executed a bond, with two others as sureties, to -be void on condition that t'he traverse should be prosecuted with effect.
On the trial in the circuit court, the inquisition as to John Cain, senior, was found to be true; but as to John Cain, junior untrue.
Upon that bond, this action of debt was instituted, against all the obligors.
Among other minor and consequential breaches, all appropriately charged, the declaration avers, as the principal breach, that the traverse was not prosecuted with effect, but that the inquisition was found to be true.
Three pleas were filed. 1st, covenants perforiried ; 2d, that the traverse was prosecuted with effect ; and, 3d, mil tiel record. Issues were concluded on the first and third ; but no notice seems, afterwards, to have been taken-of the second plea.
Verdict and judgment were rendered for the plaintiff in the action, now defendant in error. The plaintiffs in error now complain that no issue was formed on their second plea ; that the issue of nul tiel record ought not to have been found against them ; that, as one of the trav-ersers succeeded in the circuit court, there was no breach whatever of the traverse bond, and that, therefore, the judgment is wholly unauthorized.
The errors thus complained of will be briefly considered in the order in which they have been stated.
If two pleas, alike, in substance, are filed, and issuers taken on one, a failure to notice the other, is not cause for reversal.
Similiter is not indispensable— especially after verdict.
Two defendants werefound guilty of forcible entry and detain-er. and traversed the inquisition :. the declaration,/ on the traverse bond, avers'(for breach) that the traverse was not prosecuted with elfoct: the record, produeedin evidence, shews the inquisition found true as to one, untrue as to the other— it does not support the declaration, and the tarianre is fatal.
First. The second plea was not good, unless it be deemed, in effect, a plea of nultiel record; and, in that view, no issue upon it was necessary, as the same issue was concluded in the third plea. As the declaration averred that the traverse was not prosecuted with effect, prout patet per recordam, the only mode of traversing that allegation was by denying that there was such a record ; and, even if the simple negation of the allegation had been a good defence, a formal similiter was not necessary,, especially after verdict.
Second. As to John Cain, senior, the traverse was not prosecuted with effect; and as to him as principal, and the other three obligors as his sureties, there was a breach of the condition of the bond. But so far as John Cain, junior, was a principal, and his co-obligors sureties, there was no breach, because, as to him, the traverse was prosecuted with effect. And, therefore, if the declaration and the record of the traverse case substantially correspond, the judgment was right.
Third. But the breach, as assigned, imports that the inquisition, as found, was adjudged to be true, that is, of course) against both of the Cains. The record shews that the inquisition-was not found altogether true, but as to John Cain, junior, untrue. Wherefore, there was no such record as that which the declaration described,'and the circuit court erred in not so adjudging on the issue upon the plea of nul tiel record.
For this error only, the judgment must be reversed, the verdict set aside, and the cause remanded for further proceedings — -and with leave to amend the declaration.